**Noel TOROSYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72008.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 20, 2007.

Noel Torosyan, Glendale, CA, pro se.

Boris Baladjanian, Law Offices of Boris Baladjanian, Valencia, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Alarice M. Medrano, Esq., Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ari Nazarov, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Petitioner Noel Torosyan, an Armenian native and citizen, seeks review of the decision by the Board of Immigration Ap-

peals ("BIA"). The BIA dismissed Torosyan's appeal from the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

The BIA reviewed de novo the IJ's conclusion that Torosyan failed to establish that he was persecuted on one of the five protected statutory grounds. *See* 8 C.F.R. § 1003.1(d)(3)(iii). "[O]ur review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Lin v. Gonzales,* 472 F.3d 1131, 1133 (9th Cir.2007) (internal quotations omitted). We will grant the petition only if the evidence compels a contrary conclusion. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1185 (9th Cir.2006).

Substantial evidence supports the BIA's conclusion that Torosyan failed to establish by direct or circumstantial evidence that his persecutors were or would be motivated by one of the five protected statutory grounds. *See* 8 U.S.C. § 1158(b)(1). Whatever abuses Torosyan suffered, he testified that the corrupt government agents were motivated solely by greed and that Armenian businesses were subjected to these "taxes" without regard to the owners' politics. "Economic persecution on account of a protected ground is distinct from persecution solely on account of an economic motive, for which our precedent precludes relief." *Baballah v. Ashcroft,* 367 F.3d 1067, 1075 n. 7 (9th Cir. 2004).

Because Torosyan is ineligible for asylum, he necessarily fails to demonstrate eligibility for withholding of removal. *See*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.